Trustee, for the benefit of Goodyear Mortgage Corporation, and that said deed of trust was duly recorded in Book 1713, page 217, of the Wake County Registry on 6 May 1966. Plaintiff prays for judgment against each of the defendants in the sum of $4,202.98, and further prays that the judgment be declared a lien on the property described in the complaint, from and after 1 March 1966, and that execution issue against said property to the end that the property be sold according to law.

Defendants Frye and Goodyear demurred. The demurrers were sustained by the trial judge. Plaintiff appeals.

*Sanford and Cannon for plaintiff.*
*Lassiter, Leager, Walker & Banks for defendant Goodyear, Trustee, and Goodyear Mortgage Corp.*
*Thomas A. Banks for defendants Frye.*

PER CURIAM. The decisive facts in the instant case and in *Lumber Company v. Avery & Bullock Builders, Inc., Thadius A. Coates, Jr., et al.,* decided this day, are the same. Upon authority of that case, and the cases therein cited, the judgment of the court below is

Affirmed.

---

MEBANE LUMBER COMPANY v. AVERY & BULLOCK BUILDERS, INC., JOHN PHILLIP PRICE AND WIFE, METTA B. PRICE; RICHARD O. GAMBLE, TRUSTEE OF THE FIRST PROVIDENT CORPORATION OF SOUTH CAROLINA.

(Filed 24 May, 1967.)

APPEAL by plaintiff from *Brock, S.J.,* February 1967 Nonjury Assigned Civil Session of WAKE.

This is a civil action to perfect a materialman's lien.

On 7 July 1966 claimant filed notice and claim of lien on real property and dwelling located in Wake County, North Carolina, for materials supplied in the construction of said dwelling. The first three paragraphs of the claim of lien give the names and addresses of the party asserting the lien and the party against whom the lien is asserted, and a description of the property on which said dwelling is located. Paragraph 4 of said notice and claim of lien reads as follows:

"4. That the material and labor on account of which this lien is filed was furnished to and performed for said owners by

said claimants under and pursuant to the terms of an entire and indivisible contract made and entered into by claimant and said owners on or about the 3 day of January, 1966 by the terms of which said claimants furnished certain materials and performed certain labor in the erection and improvement of a building and improvements upon said land, and the owners agreed to pay for the same the sums set out in 'Exhibit A' hereto attached and made a part of this notice. That said owners have not paid the full amount due on said contract for said labor and materials, and there is still due to claimants in the sum of $4,033.83, a detailed statement showing said prices and credits being attached in 'Exhibit A'. Said labor was performed and materials furnished and use in the building and improvements upon said land owned by said owners pursuant to said contract. Claimants began to furnish said materials and to perform said labor on or about the 3 day of January, 1966, and finished the same on or about the 4 day of February, 1966, and the amount still due by said owners to claimants under said contract for which this notice is filed is $4,033.83, with interest on same from the 10th day of May, 1966."

Attached to the lien notice as a part thereof are four statements. The first of these shows a total of the amounts due on the other three as:

|  | |
|---|---:|
|  | $4070.34 |
|  | 1017.57 |
|  | $5087.91 |
| Less: Credit | 54.08 |
|  | $5033.83 |
| Less: Paid | 1000.00 |
|  | $4033.83 |

The second statement, dated 3 January 1966, describes the materials supplied as "Load 1, 2, 3, 4," and shows the amount due therefor as $4,070.34.

The third statement, dated 29 April 1966, describes the materials delivered as "three rh door 2/6", gives the price therefor as $54.08, and is marked "Credit."

The fourth statement, dated 4 February 1966, describes the material delivered as "Load #5" and gives the price therefor as $1017.57.

Plaintiff filed complaint on 30 December 1966 alleging, in substance, the following:

That defendant Builders was in the business of constructing houses on property owned by it and then selling the property to various purchasers, and on 3 January 1966 plaintiff entered into a con-

tract with defendant builder to supply an unassembled building consisting of pre-cut lumber, pre-hung doors, siding, flooring, roofing, nails, and other such supplies necessary in the construction of the building. Pursuant to the contract, plaintiff alleges that it supplied materials on different dates between 3 January and 4 February 1966, for a total price of $5,087.91; that the balance due on said sum is $4,033.83; that plaintiff had made repeated demands on defendant Builders to pay for the material supplied, but that defendant had failed, neglected and refused to pay any amount on the sum alleged to be due; that by deed recorded 28 June 1966 defendant Builders sold and conveyed the land and house herein referred to defendants John Phillip Price and his wife, Metta B. Price, who in turn had executed and delivered a deed of trust on the property described in the claim of lien and complaint to Richard O. Gamble, Trustee, for the benefit of First Provident Corporation of South Carolina, and that said deed of trust was duly recorded in Book 1721, page 347, of the Wake County Registry on 28 June 1966. Plaintiff prays for judgment against each of the defendants in the sum of $4,033.83, and further prays that the judgment be declared a lien on the property described in the complaint, from and after 3 January 1966, and that execution issue against said property to the end that the property be sold according to law.

Defendants Price and Gamble demurred. The demurrers were sustained by the trial judge. Plaintiff appeals.

*Sanford and Cannon for plaintiff.*

*Poyner, Geraghty, Hartsfield & Townsend for defendants Richard O. Gamble and First Provident Corporation of South Carolina.*

*Thomas A. Banks for defendants Price.*

PER CURIAM. The decisive facts in the instant case and in *Lumber Company v. Avery & Bullock Builders, Inc., Thadius A. Coates, Jr., et al.,* decided this day, are the same. Upon authority of that case, and the cases therein cited, the judgment of the court below is

Affirmed.